J-S62021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KARLTON JOHNSON, | |
| Appellant | No. 3148 EDA 2013 |

Appeal from the Judgment of Sentence of August 7, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011564-2012

BEFORE: ALLEN, OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.: **FILED NOVEMBER 18, 2014**

Appellant, Karlton Johnson, appeals from the judgment of sentence entered on August 7, 2013, as made final by the denial of Appellant's post-sentence motion on August 12, 2013. We affirm.

The trial court has ably explained the facts and procedural posture underlying this appeal:

> On the night of September 11, 2012, around 9:45 [p.m.], [Philadelphia] Police Officer Daniel Loesch and his partner, Police Officer Rodney Cottrell, were patrolling the area of 6001 Algon Avenue in Philadelphia on marked bicycles. During their patrol, the two officers saw [25] to [30] individuals in a crowd on the street. Because there had been a shooting in the area a few days earlier, the officers approached the group of individuals. The individuals dispersed upon noticing the officers. When [Appellant] saw the officers, he grabbed his waistband and ran away to the west.
>
> Officer Loesch pursued [Appellant] on bicycle while his partner rode in the opposite direction to cut off [Appellant].

Officer Loesch observed [Appellant] run around a building and then saw him hiding in a bush. Officer Loesch saw a black gun with a brown grip in [Appellant's] waistband while [Appellant] crouched down in the bush.

[Appellant] then began to flee from the bush. As [Appellant] started to run away, Officer Loesch, from [15] feet away, and Officer [Cottrell], from the southeast corner of a nearby building, observed [Appellant] throw a handgun into a blue recycling bin. [Appellant] then continued to run around the building.

[Appellant] next tried to enter the back door of a residence, but the occupants would not let him in. Officer Loesch and Officer Cottrell came up to [Appellant] and arrested [Appellant].

While coming towards [Appellant], Officer Cottrell passed the recycling bin and observed a weapon inside.

After the police officers arrested [Appellant], Detective John Hopkins of Northeast Detectives arrived and took photographs and recovered the discarded handgun from the recycling bin. There was ample lighting in the area from street lights – so much so that Detective Hopkins did not need to use the flash on his camera.

Detective Hopkins was later able to determine that the recovered gun was registered to a Brian Kemper, who had reported [the gun] stolen in a burglary in May [2012].

Detective Hopkins inspected the weapon and discovered rounds in the magazine and a bullet in the chamber. Ann Marie Barnes, a firearms examiner with the Philadelphia Police Department's Firearms Identification Unit, identified the firearm as a Polish semiautomatic [9-millimeter] Marakov. She also concluded that there were six [9-millimeter] Marakov rounds and one Remington .380 caliber round in the gun. Ms. Barnes also found gunshot residue and lint in the barrel, and she concluded that the gun was operable.

. . .

Following a trial on August 6, 2013, the jury found that [Appellant] possessed a firearm without a license and [that Appellant was, therefore, guilty of violating 18 Pa.C.S.A. § 6106].

Subsequent to the jury verdict, [Appellant] waived his right to a jury trial on the remaining charge, and the trial court convicted [Appellant] of [violating 18 Pa.C.S.A. § 6105,] because [Appellant] was ineligible to possess a firearm as a result of prior felony convictions.

[On August 7, 2013, t]he trial court sentenced [Appellant] to [serve a term of] five to ten years [in prison] on the [Section] 6105 [conviction] and [to serve] a consecutive term of five years of reporting probation on the [Section] 6106 [conviction].

Trial Court Opinion, 1/23/14, at 1-3 (internal citations omitted).

After the trial court denied Appellant's timely post-sentence motion, Appellant filed a timely notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied and raised the following claims in his Rule 1925(b) statement:

1. The [trial c]ourt erred by not giving the jury cautionary instructions after testimony was elicited by the Commonwealth about a shooting in the area two days before [Appellant] was arrested.

2. [Appellant] was not connected to the shooting and any testimony about the shooting was overly prejudicial.

Appellant's Rule 1925(b) Statement, 11/20/13, at 1.

Appellant now raises the following claim to this Court:

Is [Appellant] entitled to a new trial based on the ineffectiveness of his trial counsel in failing to object to testimony elicited by the Commonwealth regarding a recent shooting in the area, in which [Appellant] was arrested, and

> for not requesting a cautionary instruction be given to the jury?

Appellant's Brief at 3.

Appellant's ineffective assistance of counsel claim is waived on appeal, as Appellant did not raise the claim in his court-ordered Rule 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement . . . are waived"); *Commonwealth v. Collins*, 888 A.2d 564, 572 (Pa. 2005) (holding that an ineffective assistance of counsel claim is distinct from the underlying claim of trial court error).

Further, even if Appellant had preserved his ineffective assistance of counsel claim, the claim would be unreviewable on direct appeal. *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) ("as a general rule, a [defendant] should wait to raise claims of ineffective assistance of trial counsel until collateral review"); *Commonwealth v. Holmes*, 79 A.3d 562, 620 (Pa. 2013) ("absent [certain, specified] circumstances [(that are inapplicable to the case at bar)] claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal").

Judgment of sentence affirmed.  Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* *11/18/2014*